**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL RICHARD REED, a minor, by
his legal guardian and next friend
Mary Suthard; ESTATE OF MICHAEL
DONALD REED, by Mary Suthard,
Personal Representative,
<u>Plaintiffs-Appellants,</u>

v.

WAYNE CHENEY, individually and as
a police officer in the Police
Department of Prince George's                    No. 97-1335
County,
<u>Defendant-Appellee,</u>

and

IRVIN PAGAN, individually and as a
police officer in the Police
Department of Prince George's
County; PRINCE GEORGE'S COUNTY,
MARYLAND,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-3732-AW)

Submitted: December 9, 1997

Decided: January 22, 1998

Before WIDENER, HALL, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Joseph Yannone, EUGENE M. ZOGLIO, P.A., Bowie, Mary-
land, for Appellants. Laura J. Gwinn, Sean D. Wallace, Jay H.
Creech, Upper Marlboro, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In the early morning hours of February 18, 1995, Michael Reed
was driving in Prince George's County, Maryland, with Ruffin Smith
as a passenger. Officer Irvin Pagan, driving in a marked cruiser,
observed Reed speeding, weaving, and otherwise driving recklessly.
Pagan turned on his overhead lights and siren in an attempt to pull the
car over, but to no avail. Pagan called for back-up, and Officer Wayne
Cheney joined in pursuit. Reed's vehicle struck a mailbox on the side
of the road; according to the officers, he then placed both hands out
of the window "as if he was trying to get rid of something." Reed then
sped away, going fifty to sixty miles per hour in a residential neigh-
borhood. Cheney checked to see if anything had been thrown down,
but found nothing.

Further down the road, Reed pulled into a residential driveway.
Pagan stopped behind Reed's car, and Cheney parked on the road.
Pagan got out of his cruiser with his gun in a ready position. Accord-
ing to the officers, Reed exited his car and took several steps toward
Pagan. When Pagan and Cheney identified themselves as police and
ordered him to show his hands, Reed turned and ran the opposite
direction. Reed appeared to Pagan to throw something to the ground;

2

Reed then began to reach into his waistband with his right hand. Cheney shot Reed, who died later at the hospital. An autopsy report showed that he had PCP and alcohol in his blood.

Passenger Ruffin Smith stated in his deposition, "That night is still real fuzzy to me." When asked whether Reed was obeying the police instructions, he responded, "as far as I seen . .. but like I say, I couldn't hear exactly what they was saying." He saw Reed's hands in view when Reed walked past the car, but could not see him the entire time.

This complaint was filed in district court alleging state and federal civil rights violations, wrongful death, and survival. The district court ordered that the claims against Pagan and Cheney be bifurcated from those against Prince George's County, that discovery be stayed as to the latter claims, and that the wrongful death and survival actions against the County be dismissed. Pagan and Cheney moved for summary judgment, and the plaintiffs opposed the motion. A hearing was held, and summary judgment was granted on the civil rights count against Cheney. That count was voluntarily dismissed as to Pagan. The district court declined to exercise supplemental jurisdiction over the state tort claims.

On appeal, Appellants allege that the district court erred in granting summary judgment. They assert that genuine issues of material fact make summary judgment improper. We conclude, however, that Cheney was entitled to summary judgment on qualified immunity grounds.

We analyze a claim that a police officer used excessive force in attempting to make an arrest under the Fourth Amendment reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Force is not excessive if it is objectively reasonable under the circumstances facing the officer, without regard to his underlying intent. Id. at 397. An officer may use deadly force when he has good reason to believe that the suspect presents a threat of serious physical harm to himself or others. Tennessee v. Garner, 471 U.S. 1, 11 (1985). Under Graham, we must focus on the moment that force was used. Greenidge v. Ruffin, 927 F.2d 789, 791-92 (4th Cir. 1991). Actions prior to that moment are not relevant in evaluating whether the force

3

used was reasonable. Elliott v. Leavitt, 99 F.3d 640, 643 (4th Cir. 1996), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3742 (U.S. June 27, 1997) (No. 96-1714).

If the officer asserts qualified immunity from suit, we must determine whether the relevant law was clearly established at the time and whether a reasonable officer in defendant's place should have known the conduct was illegal. Pittman v. Nelms, 87 F.3d 116, 119 (4th Cir. 1996). At the summary judgment stage of an excessive force claim where qualified immunity is asserted, these steps can be combined in one: whether plaintiff alleges the violation of a clearly established constitutional right. If the answer is no, the defendant is entitled to immunity without further inquiry. If the answer is yes, then we must decide whether the officer knew or should have known his actions were illegal. Id.

Appellants' arguments that genuine issues of material fact bar entry of summary judgment are unavailing. This Court has held on prior occasions that a suspect's failure to show his hands in accordance with police commands can support an officer's belief that the suspect is armed, Slattery v. Rizzo, 939 F.2d 213, 215-16 (4th Cir. 1991), even if the officer has not actually seen an object he believes to be a weapon. McLenagan v. Karnes, 27 F.3d 1002, 1007 (4th Cir. 1994). Contrary to Appellants' assertions, Reed had been fleeing lawful arrest in his car. When he stopped, Reed got out of the car and ran toward Pagan and then away from him, appeared to throw something away, and then reached across his torso into his waistband area, where it is reasonable to believe that someone might carry a gun. In view of the "tense, uncertain, and rapidly evolving" circumstances, Graham, 490 U.S. at 397, Cheney's action on his belief that he and Officer Pagan were in serious danger of injury from Reed was not unreasonable. Nothing that Reed offers in opposition to the summary judgment contradicts Officer Cheney's explanation of why he acted as he did or makes it objectively unreasonable for him to have so acted.

It is true that the officers had no prior information that Reed was armed or dangerous. They were not in a high crime area, and the officers had witnessed no crime other than dangerous, erratic driving and failing to stop when signaled to do so. The record does not reflect that

4

anything was ever found that had been discarded by Reed. No weapon was discovered either on Reed or in the car. There is a factual dispute as to the passenger's actions once the car stopped. None of these issues, however, are material in light of Officer Cheney's perception that Reed was reaching to pull a weapon from his waistband. Based on the facts that are not disputed, a reasonable officer in the same situation could have believed that Reed posed a serious danger.

Even assuming that all the facts are as stated by Appellants, at the crucial moment it was reasonable for an officer to perceive, in light of Reed's erratic behavior, his failure to stop and show his hands, and his hand's movement across his body toward his waist, that he was reaching for a weapon. Therefore, Officer Cheney's reaction with deadly force was not unreasonable, and he is entitled to qualified immunity.

We affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED